NATIONAL ENTERPRISES, INC., a California Corporation, Plaintiff-cross-defendant-counter-claimant—Appellant,

v.

JOSEPH–BURNHAM PARTNERSHIP, a California general partnership, Defendant-cross-claimant,

v.

Federal Deposit Insurance Corporation, as receiver for Old Stone Bank, Cross-defendant-third-party-plaintiff-cross-claimant-counter-defendant—Appellee.

No. 99–55875.
D.C. No. CV–97–01185–RMB/LAB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 26, 2001.

Before BRIGHT,\* KOZINSKI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM \*\*

This controversy relates to the interpretation of a release provision in a settlement agreement. The controversy stems from the purchase of a package of loans from failed savings and loans institutions at Auction VIII. David Wick, president of Morehouse Acquisitions (Morehouse), filed false certifications of eligibility on behalf of Morehouse in order to participate in the auction. The certifications were false because Morehouse is a subsidiary of National Enterprises, Inc. (National), which was excluded from participating in auctions.

After Morehouse purchased this loan package, it transferred the assets to National. National then attempted to collect on one of the loans by filing suit against the loan debtor. The debtor then alleged that Morehouse had fraudulently purchased the loan package. The debtor filed a cross-complaint against the Federal Deposit Insurance Corporation (FDIC) as the receiver of the loans.

The parties voluntarily submitted the case to the district court for settlement proceedings. The FDIC, National and Morehouse signed a settlement agreement on September 10, 1998.[1] In this agreement, the FDIC released National and Morehouse from further lawsuits regarding Auction VIII claims.

Subsequent to this settlement, the FDIC brought an action against First International Bank (FIB) alleging false certifications by FIB in Auction VIII.[2] National moved to have the settlement agreement enforced, arguing the agreement released FIB as an affiliate. FIB and National have an officer and director in common and the FDIC had referred to FIB as an affiliate of National in an internal memorandum prepared by the FDIC after the initial oral settlement agreement. The FDIC inadvertently sent the internal memorandum to National during the settlement process. Therefore, National had knowledge of the contents of the document before signing the settlement agreement. The FDIC opposed such an interpretation of the agreement. The district court rejected the motion and ruled that the settlement agreement did not release FIB as an affiliate.

National appeals. We affirm.

■ We review de novo the district court's interpretation of a settlement agreement, and we review the court's resolution of disputed facts for clear error. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992). "A settlement contract is treated as any other contract for purposes of interpretation." *Id.* (citation omitted).

■ The district court, based upon the rules of contract law and the plain language of the settlement agreement between the FDIC, National and Morehouse, correctly determined that the release clause of the agreement did not extend to FIB. The release at issue encompassed "NEI [National], Morehouse and Wick, their representatives, shareholders, officers, directors, agents, attorneys and assigns." Prior to signing, the parties added "shareholders, officers and directors" in

---

\* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Other parties were named in the settlement agreement but are not relevant to this appeal.

2. Apparently, this claim related to a different purchase of assets than those presently at issue with National.

pen to the typed document. FIB is not a party to the settlement agreement, nor does the language of the release refer to an affiliate of FIB. Furthermore, FIB does not qualify as a representative, shareholder, officer, director, agent or assign of National.

■ National contends that the language of the agreement is ambiguous. It relies upon the FDIC's internal memorandum that was inadvertently sent to National during the settlement process. The memorandum refers to FIB as an affiliate of National and comments that the proposed agreement settles claims with National and affiliated entities regarding National's Auction VIII purchase.

■ The language from the memorandum did not find its way into the settlement agreement, and the agreement, as it stands, is not ambiguous. National nevertheless contends that this language should be used to show the parties' intent. An internal memorandum from one side cannot serve to modify or clarify an ambiguous agreement. *See Wilson Arlington Co. v. Prudential Life Ins. Co.*, 912 F.2d 366, 372 (9th Cir.1990). Therefore, even if the contract language were ambiguous, the memorandum is inadmissible.[3]

AFFIRMED.

---

**3.** National contends that extrinsic evidence should be admissible because the district court required David Wick to execute the settlement agreement under a threat of contempt. This argument might have some force if National sought to set aside the contract because it was made under duress. National did not make this argument. National's argument is without merit. The exclusion or inclusion of evidence outside the four-corners of the agreement is not applicable in this case because Wick was able to make changes in the agreement even after the threat of contempt. These changes did not include adding FIB. Wick could have insisted on the inclusion of FIB to the release provision but he did not. The district court was obligated to exclude the extrinsic evidence.

